Chavez v 127 Eckford Bay, LLC
2026 NY Slip Op 02817
May 6, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Jorge Parrales Chavez, appellant,
v
127 Eckford Bay, LLC, respondents, et al., defendant (and third-party actions).

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 6, 2026
2024-01156, (Index No. 509035/19)
Angela G. Iannacci, J.P.
Lara J. Genovesi
Carl J. Landicino
Laurence L. Love, JJ.

Wingate, Russotti, Shapiro, Moses & Halperin, LLP (Chirico Law PLLC, Brooklyn, NY [Vincent Chirico], of counsel), for appellant.
Gallo Vitucci Klar LLP, New York, NY (C. Briggs Johnson and Sean Hughes of counsel), for respondents.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rupert V. Barry, J.), dated December 29, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(d) and 23-3.3(e) insofar as asserted against the defendants 127 Eckford Bay, LLC, and DPC New York, Inc., and granted those branches of the cross-motion of the defendants 127 Eckford Bay, LLC, and DPC New York, Inc., which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240(1) and common-law negligence and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(d) and 23-3.3(e) insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the cross-motion of the defendants 127 Eckford Bay, LLC, and DPC New York, Inc., which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-3.3(e) insofar as asserted against them, and substituting therefor a provision denying those branches of the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained on November 30, 2018, while working on a renovation project at a building located at 127 Eckford Street in Brooklyn (hereinafter the building). The defendant 127 Eckford Bay, LLC (hereinafter Eckford), owned the building, and the defendant DPC New York, Inc. (hereinafter DPC), was the general contractor hired for the project. The plaintiff worked as a demolition laborer for CPJR Improvement Corp. (hereinafter CPJR).
The plaintiff alleged that he was assigned to cart demolition debris from the second floor to the first floor of the building. According to the plaintiff's deposition testimony, CPJR's workers used water to minimize dust and, as a result, a permanent staircase from the first to second floor was wet and, as demolition proceeded, dust from the debris caused mud to form on the wet staircase. The accident allegedly occurred while the plaintiff was transporting a 40-gallon plastic trash can filled with wood, metal, ceramic bathroom debris, and sheetrock down the permanent staircase between the second and first floors. According to the plaintiff, the trash can, which had no lid or wheels and was broken, was too heavy to be carried forward; so the plaintiff brought it down the stairs walking backwards, holding the trash can against his stomach and chest with his right hand while he held the staircase railing with his left hand. The plaintiff set forth that as he descended down the staircase backwards, he slipped and fell on a piece of demolition debris.
Following the completion of discovery, the plaintiff moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against Eckford and DPC. Eckford and DPC opposed the motion and cross-moved for summary judgment dismissing the amended complaint insofar as asserted against them. In an order dated December 29, 2023, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(d) and 23-3.3(e) insofar as asserted against Eckford and DPC and granted those branches of the cross-motion of Eckford and DPC which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240(1) and common-law negligence and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(d) and 23-3.3(e) insofar as asserted against them. The plaintiff appeals.
Labor Law § 240(1) imposes absolute liability on building owners and contractors whose "failure to provide workers with adequate protection from reasonably preventable, gravity-related accidents" proximately causes injury to a worker on a construction site (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7; see Misseritti v Mark IV Constr. Co., 86 NY2d 487, 490). Labor Law § 240(1) "does not apply to any and all perils connected in some tangential way with the effects of gravity" (Lemus v New York B Realty Corp., 186 AD3d 1351, 1352; see Carlton v City of New York, 161 AD3d 930, 931). Rather, the statute was designed to prevent accidents in which a protective device "'proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person'" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [emphasis omitted], quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). Thus, "[l]iability under Labor Law § 240(1) depends on whether the injured worker's 'task creates an elevation-related risk of the kind that the safety devices listed in section 240(1) protect against'" (Salazar v Novalex Contr. Corp., 18 NY3d 134, 139, quoting Broggy v Rockefeller Group, Inc., 8 NY3d 675, 681).
Here, the permanent staircase from which the plaintiff fell was a normal appurtenance to the building and was not designed as a safety device to protect him from an elevation-related risk (see Verdi v SP Irving Owner, LLC, 227 AD3d 932, 936; Sullivan v New York Athletic Club of City of N.Y., 162 AD3d 955, 957; Linkowski v City of New York, 33 AD3d 971, 973-974). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against Eckford and DPC and properly granted that branch of the cross-motion of Eckford and DPC which was for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against them.
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers. To establish liability under Labor Law § 241(6), a plaintiff or a claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Guaman v 178 Ct. St., LLC, 200 AD3d 655, 657 [citations and internal quotation marks omitted]).
Here, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability on so much of the Labor Law § 241(6) cause of action as was predicated on a violation of 12 NYCRR 23-1.7(d) insofar as asserted against Eckford and DPC. Eckford and DPC established their prima facie entitlement to judgment as a matter of law dismissing so much of that cause of action as was predicated on a violation of 12 NYCRR 23-1.7(d) insofar as asserted against them, and the plaintiff failed to raise a triable issue of fact in opposition. The plaintiff's deposition testimony demonstrated that the debris upon which the plaintiff slipped and fell was an integral part of the ongoing demolition work being performed at the time of the accident (see Moye v Alphonse Hotel Corp., 205 AD3d 907; Martinez v 281 Broadway Holdings, LLC, 183 AD3d 712, 714; Castillo v Big Apple Hyundai, 177 AD3d 473, 474). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the Labor Law § 241(6) cause of action as was predicated on a violation of 12 NYCRR 23-1.7(d) insofar as asserted against Eckford and DPC and properly granted that branch of the cross-motion of Eckford and DPC which was for summary judgment dismissing so much of that cause of action as was predicated on a violation of 12 NYCRR 23-1.7(d) insofar asserted against them.
However, the Supreme Court should have denied that branch of the cross-motion of Eckford and DPC which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on a violation of 12 NYCRR 23-3.3(e) insofar as asserted against them. 12 NYCRR 23-3.3(e) provides "[w]here the demolition of any building or other structure is being performed by hand, debris, bricks and any other materials shall be removed as follows: (1) By means of chutes constructed and installed in compliance with this Part (rule); (2) By means of buckets or hoists; or (3) Through openings in the floors of the building or other structure in compliance with this section." Here, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability on so much of the Labor Law § 241(6) cause of action as was predicated on a violation of 12 NYCRR 23-3.3(e) insofar as asserted against Eckford and DPC, and Eckford and DPC failed to establish their prima facie entitlement to judgment as a matter of law dismissing so much of that cause of action as was predicated on a violation of 12 NYCRR 23-3.3(e), as neither established whether the trash can used by the plaintiff was the equivalent of a bucket as described in the regulation (see Rivas-Pichardo v 292 Fifth Ave. Holdings, LLC, 198 AD3d 826, 829). Moreover, there are triable issues of fact concerning whether the subject trash can was defective. Accordingly, the court should have denied that branch of the cross-motion of Eckford and DPC which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on a violation of 12 NYCRR 23-3.3(e) insofar as asserted against them, but properly denied that branch of the plaintiff's motion which was for summary judgment on so much of the Labor Law § 241(6) cause of action as was predicated on a violation of 12 NYCRR 23-3.3(e).
"Labor Law § 200 is a codification of the common-law duty imposed on owners, contractors, and their agents to provide workers with a safe place to work" (Modugno v Bovis Lend Lease Interiors, Inc., 184 AD3d 820, 822; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352; Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d 1666, 1668). "The duty does not extend 'to hazards that are part of, or inherent in, the very work the employee is to perform or defects the employee is hired to repair'" (Fonck v City of New York, 198 AD3d 874, 876, quoting Hansen v Trustees of M.E. Church of Glen Cove, 51 AD3d 725, 726; see Gasper v Ford Motor Co., 13 NY2d 104, 110; Vitale v Astoria Energy II, LLC, 180 AD3d 1104, 1106). Nor does any duty rest upon an owner to secure the safety of a worker "against a condition, or even defects, risks or dangers that may be readily observed by the reasonable use of the senses, having in view the age, intelligence and experience" of the worker (McLean v Studebaker Bros. Co. of New York, 221 NY 475, 478; see Gasper v Ford Motor Co., 13 NY2d at 110; Monahan v New York City Dept. of Educ., 47 AD3d 690, 691).
"Cases involving Labor Law § 200 fall into two broad categories" (Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d at 1668; see Modugno v Bovis Lend Lease Interiors, Inc., 184 AD3d at 822). "The first category involves worker injuries arising out of alleged dangerous or defective conditions on the premises where the work is performed" (Modugno v Bovis Lend Lease [*2]Interiors, Inc., 184 AD3d at 822; see Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d at 1668). In those circumstances, a defendant may be liable under Labor Law § 200 if it either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition (see Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d at 1668; Modugno v Bovis Lend Lease Interiors, Inc., 184 AD3d at 822). The second category "involves injuries arising from the method and manner of the work" (Modugno v Bovis Lend Lease Interiors, Inc., 184 AD3d at 822; see Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d at 1668). Where a claim arises out of alleged dangers or defects in the means and methods of the work, an owner may be held liable for common-law negligence or a violation of Labor Law § 200 only if it had the authority to supervise or control the performance of the work (see Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d at 1668; Modugno v Bovis Lend Lease Interiors, Inc., 184 AD3d at 822).
Where, as here, the plaintiff alleges that an accident involves both a dangerous condition on the premises and the means and methods of the work, a defendant "moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards" (Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 720 [internal quotation marks omitted]; see Robles v Taconic Mgt. Co., LLC, 173 AD3d 1089, 1092). In such a case, the moving defendants may prevail only when the evidence exonerates them as a matter of law "'for all potential concurrent causes of the plaintiff's accident and injury, and . . . no triable issue of fact is raised in opposition as to either relevant liability standard'" (Rodriguez v Metropolitan Transp. Auth., 191 AD3d 1026, 1028, quoting Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 52).
Here, in support of their cross-motion, Eckford and DPC failed to eliminate triable issues of fact as to whether they had the authority to supervise the plaintiff's work, whether they had actual or constructive notice of the dangerous condition that caused the accident, and whether the dangerous condition that caused the accident to occur was the unavoidable and inherent result of the ongoing demolition work. Accordingly, the Supreme Court should have denied those branches of the cross-motion of Eckford and DPC which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., GENOVESI, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court